IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON R. WARREN                                                                                       PLAINTIFF
ADC #137760

V.                                              NO. 4:07cv00020 WRW

RAYMOND MUDGETT, et al                                                                     DEFENDANTS

## ORDER

On January 10, 2007, Plaintiff, a pro se pretrial detainee who at the time was confined to the Faulkner County Jail, filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) along with a separate application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (docket entry #1). Plaintiff submitted the proper financial information in compliance with § 1915(a)'s requirements; accordingly, in forma pauperis status was granted (docket entry #3).

Pursuant to § 1915A's screening provisions, this Court subsequently determined that an amendment in Plaintiff's case would be beneficial. Accordingly, by order entered February 13, 2007 (docket entry #5), Plaintiff was given thirty days within which to amend his complaint to specifically state: 1) how Defendant Mudgett was personally involved in, aware of, or had knowledge of the actions of which he complained; 2) how Defendant Mudgett violated his constitutional rights; 3) a description of any physical injuries he had sustained and how he received them; 4) an explanation of how Defendant Mudgett "failed to follow procedure"; and 5) whether he was alleging a claim for excessive force and/or challenging the aggravated assault charge on his record. Plaintiff was instructed to set forth specific facts concerning his allegations including, where applicable, dates, times and places.

On March 7, 2007, Plaintiff filed a notice of change of address indicating that he had been transferred to the Wrightsville Unit of the Arkansas Department of Correction (see docket entry #8). On March 16, 2007, he filed a motion for extension of time (docket entry #9) in which to file his amended complaint, as directed by this Court's previous order. Plaintiff sought a fifteen-day extension (to March 29, 2007) so that he could obtain his medical records/reports from the Conway Regional Medical Center in connection with his gun shot injury. By order entered March 21, 2007 (see docket entry #10), Plaintiff's motion was granted for good cause shown and he was directed to file his amended complaint by 5:00 p.m. March 30, 2007. In addition, Plaintiff had previously been advised that his failure to make a timely and complete response to the Court's original order to amend would result in the dismissal of his case without prejudice (refer to docket entry #5).

The Court's March 21, 2007, order has not been returned and no responsive filing has been received from Plaintiff. Furthermore, the Clerk has certified that a copy of the order was mailed to him personally the same day as entered, at his last given address at the Wrightsville Unit (see docket entry #11). This case is therefore dismissed without prejudice due to Plaintiff's failure to prosecute the action diligently and his failure to respond to the Court's order. Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added);

<u>Garrison v. Int'l Paper Co</u>., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

In accordance with the above,

1. Plaintiff's case is hereby dismissed in its entirety without prejudice.

2. Any pending motions are denied as moot.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from this order and any judgment entered hereunder would not be taken in good faith.

4. This dismissal counts as a "strike" as frivolous pursuant to 28 U.S.C. § 1915(g).[1]

IT IS SO ORDERED this 16th day of April, 2007.

                                             /s/ Wm. R.Wilson,Jr.
                                             UNITED STATES DISTRICT JUDGE

---

[1] Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the in forma pauperis statutes] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.