IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON R. WARREN                                                                    PLAINTIFF
ADC #137760

V.                                        NO. 4:07cv00020 WRW-JWC

RAYMOND MUDGETT                                                              DEFENDANT

PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**I.  Instructions**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of these findings and recommendations.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR  72201-3325

## II.  Recommended Disposition

On July 27, 2007, Plaintiff submitted a notice of change of address indicating that he was no longer incarcerated in the Arkansas Department of Correction ("ADC") and was instead residing in a halfway house (see docket entry #30).  He requested that all future documentation in his case be sent to him at the address provided.  On the same date, mail that had been addressed to Plaintiff at the Wrightsville Unit was returned to the Court and then re-mailed to his new address (see docket entry #31).[1]  On September 24, 2007, mail addressed to Plaintiff at his new address was also returned to the Court undelivered (see docket entry #34).[2]  On September 28, 2007, Defendant filed a motion for summary judgment and brief in support (docket entries #35, #36) seeking to dismiss Plaintiff's complaint on the grounds that he had failed to state a viable claim.  Alternatively, Defendant contended that he was entitled to qualified immunity.  Defendant also filed a

---

[1] The July 17, 2007, order denying Plaintiff's motion for appointment of counsel.

[2] The September 14, 2007, final scheduling order.

statement of uncontested material facts (docket entry #37), pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas.  By order entered October 2, 2007 (docket entry #38), Plaintiff was notified of his opportunity to file a responsive pleading opposing Defendant's motion.  In addition, Plaintiff was advised to file a separate, short and concise statement setting forth the facts which he thought needed to be decided at a trial.  On October 17, 2007, the Court's order, again addressed to Plaintiff at his new address, was returned undelivered (see docket entry #40).

A check of the ADC's website using both Plaintiff's name and prison identification number indicates that he is no longer incarcerated in the ADC.  Plaintiff never received or responded to the motion for summary judgment, he has filed no other change of address, and he has had no contact with the Court since July 27, 2007, when he filed his most recent notice of change of address.  Under these circumstances, Plaintiff's case should be dismissed without prejudice for his failure to prosecute the action diligently.  Fed. R. Civ. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss sua sponte under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order; such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III.  Conclusion

In accordance with the above, IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's case should be DISMISSED IN ITS ENTIRETY.

2.      All PENDING MOTIONS should be DENIED AS MOOT.

DATED this 19th day of November, 2007.


_____
UNITED STATES MAGISTRATE JUDGE